UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD CARLSON, | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:10CV1987 HEA |
| SEARS ROEBUCK and CO., | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 7]. Defendant has filed a written memorandum opposing the motion. For the reasons set forth below, the Motion is denied.

**Facts and Background**

Plaintiff filed this action in the Associate Circuit Court for St. Charles County, Missouri alleging violations of Missouri's Service Letter Statute, Rev.Stat.Mo. § 290.140. Plaintiff prays for $25,000.00 as compensatory damages. In response to Defendant's Interrogatories, Plaintiff asserts that he is seeking $500,000.00 in punitive damages.

Defendant removed this action based on the Court's diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiff now moves to remand, contending that the Court lacks jurisdiction. The parties do not dispute that they are of diverse

citizenship, rather, Plaintiff contends that Defendant has failed to establish the amount in controversy exceeds $75,000.

## Standard for Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331.  *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied.  *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).  Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts.  *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).  Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. See *In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*,

953 F. Supp. 296, 299 (E.D. Mo. 1997).  If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

## Discussion

Jurisdiction under § 1332 requires a minimum amount in controversy in excess of $75,000, exclusive of interest and costs, and complete diversity of citizenship among the parties. Plaintiff alleges that the amount in controversy requirement has not been met and, thus, that federal jurisdiction is improper.

With regard to the amount in controversy requirement, the Eighth Circuit has established that when "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practice Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)).

To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).  In determining the amount in controversy, the relevant question is not whether the verdict

will ultimately exceed $75,000, rather, it is whether a finder of fact could legally conclude that the damages exceed that amount.  *Riffert v. Walgreen Co.*, 2008 WL 495643, at *2 (E.D. Mo. Feb. 20, 2008) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

It is well established that, when calculating the amount in controversy, punitive damages are to be included.  *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)(citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)).  The Court is given great discretion in decisions involving claims for punitive damages and, hence, is required to closely scrutinize such claims.  *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972), aff'd 414 U.S. 291 (1973)).

In the present case, Plaintiff is seeking actual damages in the amount of $25,000.00[1], plus punitive damages.  In response to Defendant's interrogatories, Plaintiff asserted that he was seeking punitive damages in the amount of $500,000.00.  This response clearly indicates that the damages herein could exceed $75,000.

While the Court cannot predict the amount, if any, of punitive damages, the

---

[1] Plaintiff obviously sought to remain in the Associate Circuit Division of the Circuit Court for St. Charles, Missouri.  This observation, however, has no determinative effect on the Court's jurisdictional analysis.

Court, in its discretion in determining whether the amount in controversy exceeds the jurisdictional amount, is of the opinion that, if indeed an award of punitive damages is rendered, the award would be sufficient to raise Plaintiff's damages above the jurisdictional amount.

## Conclusion

Considering all of the relevant factors, the Court concludes that its diversity jurisdiction exists in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 7], is **DENIED**.

Dated this 28th day of September, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE